ROSENBERG & ESTIS, P.C.
    Brett B. Theis, Esq. BTheis@RosenbergEstis.com
    Matthew S. Blum, Esq. MBlum@RosenbergEstis.com
733 Third Avenue, Floor 14
New York, New York 10017
Telephone: (212) 867-6000
Facsimile: (212) 551-8484
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSTRAFOR, INC.,<br><br>                     Plaintiff,<br><br>        -v. –<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SIGNATURE BANK,<br><br>                     Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

      Plaintiff Constrafor, Inc. ("Plaintiff" or "Constrafor"), by and through its attorneys, Rosenberg & Estis, P.C., for its Complaint against the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Signature Bank, alleges as follows:

## NATURE OF THE CASE

1. This is an action seeking the recovery of $2,284,334.15, plus interest, costs, expenses, and fees, from the FDIC, as Receiver for Signature Bank, improperly withheld from Constrafor by Signature Bank.

2. Constrafor's entitlement to the funds is unequivocal, as they were held in trust for Constrafor in an account at Signature Bank and did not constitute part of Signature Bank's or any other entity's estate.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 12 U.S.C. § 1819(b)(2) and 28 U.S.C. §§ 1331 and 1345, as this case involves the FDIC, a federal agency acting in its capacity as Receiver for a defunct financial institution.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Signature Bank's principal place of business was located in New York, New York, requiring Plaintiff to commence an action in the district in which Signature Bank maintained its principal place of business.

## PARTIES

5. Plaintiff Constrafor, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

6. Defendant Federal Deposit Insurance Corporation is an independent agency of the federal government responsible for, among other things, managing receiverships of failed financial institutions, operating in its capacity as Receiver for Signature Bank, with its office located at 550 17th Street NW, Washington, DC 20429.

## STATEMENT OF FACTS

**A.   The Subcontractor Receivables Purchase Agreement (SRPA)**

7. Constrafor, Inc. entered into a Subcontractor Receivables Purchase Agreement ("SRPA") with StructureTech New York, Inc. ("STNY") on April 26, 2022.

8. Pursuant to the SRPA, Constrafor agreed to purchase certain invoices issued by STNY to third-party debtors, including Lions Group II LLC ("Lions Group").

**B.    As Constrafor's Collection Agent and Trustee, STNY collected $523,012.71, held for Constrafor in trust.**

9. On or around June 16, 2022, acting as Constrafor's collection agent and trustee under the SRPA, STNY received $523,012.71 into its account from Leeding Builders Group LLC ("Leeding").

10. The $523,012.71 payment to STNY was made pursuant to an invoice that STNY had issued and sold to Constrafor under the SRPA.

11. According to the SRPA, STNY was obligated to act as Constrafor's agent for the collection of the purchased receivables.

12. The SRPA explicitly designates STNY as Constrafor's attorney-in-fact to demand, take, collect, sue for, and receive all payments made concerning the purchased receivables.

13. The SRPA requires STNY to hold payments received from account debtors in trust for Constrafor and to remit these amounts to Constrafor within two business days of receipt.

14. The payment of $523,012.71 from Leeding Builders Group LLC was intended for Constrafor and should have been remitted according to the terms of the SRPA.

15. Despite STNY's fiduciary obligation, the funds amounting to $523,012.71 were also withheld by Signature Bank.

**C.    Constrafor's purchase of STNY receivables, which was later cancelled.**

16. On or around July 14, 2022, Constrafor remitted a gross amount of $880,660.72 to STNY for the purchase of an invoice issued by STNY to Lions Group.

17. The $880,660.72 was transferred by wire and settled in STNY's account at Signature Bank, ending in 2516 (the "Account").

18. However, the following day, on or around July 15, 2022, Constrafor canceled the invoice purchase due to discrepancies identified in the transaction.

### D. Attempts to Return Funds

19. Constrafor initiated a return of the $880,660.72 by STNY on July 15, 2022. On July 17, 2022, a second and duplicate return of $880,660.72 by STNY was erroneously initiated.

20. On July 18, 2022, to rectify the duplicative transaction error, Constrafor wired $880,660.72 to return the erroneous transfer to STNY. Constrafor's wire for this erroneous transaction was deposited into the Account.

21. However, despite indications from Signature Bank that 2 separate wires for $880,660.72 were destined to Constrafor (the first, after the SRPA was cancelled, and the second, erroneous duplicate transfer of the first return of funds from the SRPA cancellation), those 2 separate wires were never processed by Signature Bank, nor received by Constrafor.

22. On July 20, 2022, STNY attempted to return $1,761,321.44 to Constrafor by executing a Funds Transfer Request.

23. Signature Bank blocked the transfer of $1,761,321.44, thereby improperly seizing these funds.

### E. Federal Receivership of Signature Bank

24. Signature Bank has no entitlement to seize or withhold funds held in trust for Constrafor. Such funds do not form part of STNY's estate, Signature Bank's estate, or the estate of any successors or assigns.

25. The funds amounting to $1,761,321.44 and $523,012.71, totaling $2,284,334.15, were, and are, legally and beneficially owned by Constrafor and held in trust in the Account.

26. Signature Bank wrongfully retained and converted Constrafor's funds, causing significant financial harm and hardship to Constrafor.

27. On March 12, 2023, Signature Bank was placed under FDIC receivership due to its financial instability.

28. The FDIC, acting as the receiver for Signature Bank, took control of Signature Bank's assets and liabilities, including the Account.

### F. Efforts to Recover Funds

29. Constrafor promptly submitted claims to the FDIC seeking the return of $2,284,334.15 plus interest, which Signature Bank had wrongfully withheld.

30. Despite repeated demands, the FDIC, as Receiver, has failed to return Constrafor's funds, to which Constrafor is lawfully entitled.

31. The FDIC's failure to return Constrafor's trust funds constitutes a breach of its fiduciary duty as receiver.

32. The funds at issue did not form part of STNY or Signature Bank's estate and, as such, must be returned to their rightful owner, Constrafor.

33. Constrafor conducted its due diligence in attempting to resolve this matter amicably before initiating this action.

34. On or about July 23, 2022, in a letter served on Signature Bank, Constrafor, by its counsel, demanded that Signature Bank immediately return the funds held in its possession.

35. And again, on October 7, 2022, Constrafor, through its counsel, demanded that Signature Bank return the funds held in its possession to which Constrafor had an exclusive possessory right.

36. Notwithstanding the aforementioned demands, the return of Constrafor's funds was not forthcoming.

37. Thereafter, upon the appointment of the FDIC as receiver for Signature Bank, Constrafor submitted a claim against the receivership to recover its funds. In a letter dated April 12, 2024, Constrafor received notice that the FDIC disallowed Constrafor's claim, Claimant ID No. NS10540002670, which erroneously and incorrectly identified Constrafor's claim as being a "general unsecured claim".

38. Of course, Constrafor's claim is not unsecured, but secured by way of a security interest in the funds held by Signature Bank, and now controlled by FDIC, by virtue of such funds being trust funds, held in trust for the exclusive benefit of Constrafor.

## CLAIMS
### COUNT I
### MONEY HAD AND RECEIVED

39. Plaintiff incorporates by reference the foregoing paragraphs as if though fully set forth herein.

40. At all relevant times, Constrafor had and still has a right to immediate possession of the funds deposited in the account at Signature Bank, ending in 2516.

41. As pleaded, *supra,* on or around July 14, 2022, Constrafor remitted $880,660.72 to STNY for the purchase of an accounts receivable, but which was later cancelled ("First Payment").

42. On July 15, 2022, a return of the First Payment was initiated by wire transfer back to Constrafor ("First Return Payment").

43. On July 17, 2022, a second erroneous 'return wire' was initiated in the amount of $880,660.72, which was a 'duplicate' return of the First Payment ("Erroneous Duplicate Payment").

44. In good faith and in reliance of the initiated return of the First Payment, and evidence of the Erroneous Duplicate Payment by Signature Bank, Constrafor initiated second payment of $880,660.72 ("Second Payment"), which was intended to return the Erroneous Duplicate Payment.

45. However, while both of Constrafor's payments, First Payment and Second Payment, were processed and are held by Signature Bank, neither of the First Return Payment or Erroneous Duplicate Payment were processed or received by Constrafor.

46. STNY attempted to return $1,761,321.44 back to Constrafor on or around July 20, 2022, but Signature Bank blocked the transfer and seized the funds.

47. Separately, on or around June 16, 2022, STNY received a payment of $523,012.71 from Leeding Builders Group LLC into the Account, which was intended for and rightly belongs to Constrafor pursuant to the SRPA.

48. These funds were collectively held in trust by STNY and should have been immediately remitted to Constrafor per the SRPA's terms.

49. At no point did Constrafor transfer ownership of these funds to STNY, Signature Bank, or any other party; they were always held in trust for Constrafor's benefit.

50. The funds totaling $2,284,334.15 ("Constrafor's Funds") have been wrongfully withheld and seized by Signature Bank despite Constrafor's clear and unequivocal right to these funds.

51. On March 12, 2023, Signature Bank was placed under FDIC receivership. The FDIC, acting as receiver, has taken control of Signature Bank's assets and liabilities, including the funds in the Account.

52. Constrafor has made repeated demands for the return of the funds, but the FDIC has failed to release the $2,284,334.15 plus interest that rightfully belongs to Constrafor.

53. The FDIC's continued withholding of these funds is without legal justification and constitutes wrongful possession and retention of Constrafor's property.

54. As a result of the FDIC's conduct, Constrafor has sustained financial harm and damages due to the loss of use of its funds.

55. The FDIC, upon information and belief, has benefited from the wrongful retention and use of Constrafor's funds.

56. The FDIC, in equity and good conscience, should not retain Constrafor's funds, but should pay to the rightful owner—Constrafor.

57. Constrafor seeks the return of its funds in the amount of $2,284,334.15 wrongfully held by the FDIC, plus accrued interest from the date the funds were initially withheld.

58. The continued retention of Constrafor's funds by the FDIC constitutes unjust enrichment, as the FDIC reaps the benefit of funds that, in equity and good conscience, belong to Constrafor.

59. As a result of the wrongful withholding and retention of funds by the FDIC, Constrafor is entitled to recover the amount of $2,284,334.15 plus interest thereon.

## COUNT II
## CONVERSION

60. Plaintiff incorporates by reference the foregoing paragraphs as if though fully set forth herein.

61. At all relevant times, Constrafor had and still has a right to immediate possession of Constrafor's Funds deposited in the account at Signature Bank, ending in 2516.

62. Prior to the receivership by the FDIC, Constrafor demanded return of Constrafor's Funds by legal notice on July 23, 2022, and October 7, 2022. Despite demanding the return of Constrafor's Funds while explaining Constrafor's exclusive and immediate right to possess Constrafor's Funds, as well as the damage that would result for Signature Bank's failure to remit Constrafor's Funds, Constrafor's Funds were not returned.

63. Further, upon the receivership of Signature Bank by FDIC, Constrafor again demanded the immediate return of Constrafor's Funds by way of a notice of claim. However, the FDIC erroneously and improperly denied such claim.

64. The FDIC's continued withholding of these funds is without legal justification and constitutes wrongful possession and retention of Constrafor's property.

65. By seizing and retaining the funds, Signature Bank exercised unauthorized dominion over Constrafor's property, thereby interfering with Constrafor's superior right to possession of Constrafor's Funds.

66. The FDIC, as receiver, continues to retain control and possession of Constrafor's Funds without Constrafor's consent and against its express demands for their return.

67. The wrongful detention and unauthorized use of Constrafor's Funds by Signature Bank and, subsequently, the FDIC, constitute conversion, resulting in damages.

68. As a direct consequence of the conversion by Signature Bank and the FDIC, Constrafor has suffered damages, including but not limited to the deprivation of its right to the immediate possession and use of its funds.

69. The actions of Signature Bank and the FDIC were intentional and willful, demonstrating a disregard for Constrafor's legal rights and interests in its property.

70. Constrafor is entitled to recover the full amount of the converted funds, totaling $2,284,334.15, along with any interest accrued thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Constrafor, Inc. respectfully requests that this Court grant the following relief:

a) A judgment against the FDIC in the amount of $2,284,334.15 plus interest;

b) An order directing the FDIC to immediately release Constrafor's Funds to Constrafor;

c) An award of costs and attorneys' fees as allowed by law; and

d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 6, 2024

_Brett B. Theis_
Matthew S. Blum
Rosenberg & Estis, P.C.,
733 Third Avenue, Flr 14
New York, New York 10017
BTheis@rosenbergestis.com
MBlum@rosenbergestis.com
*Attorneys for Plaintiff*