

**JOHN N. ORSINI**
jorsini@fklaw.com
212.833.1186

October 28, 2024

**BY ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

      Re:   ***Constrafor, Inc. v. Federal Deposit Insurance Corporation, as Receiver for Signature Bank,*** **Case No. 1:24-cv-04402-JGLC**

Dear Judge Clarke:

    The undersigned represents defendant the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Signature Bank ("FDIC-R") in the above-captioned matter. We write pursuant to Federal Rule of Civil Procedure 26(c) and Your Honor's Individual Rule 4(k) to request a stay of discovery pending the resolution of FDIC-R's motion to dismiss the complaint, which was filed on October 23, 2024 (ECF 11-13). Pursuant to Local Rule 37.2, we attempted to ascertain the position of Plaintiff Constrafor, Inc. ("Constrafor") on this application, but Constrafor's counsel has not provided that position as of the filing of this letter. There had been a Preliminary Conference scheduled for tomorrow, but on October 25, 2024, the Court entered an Order on the docket adjourning that conference *sine die* in light of FDIC-R's motion to dismiss.

**BACKGROUND**

    Constrafor is a company that entered into a Subcontractor Receivables Purchase Agreement ("SRPA"), dated April 26, 2022, with a third party called StructureTech New York, Inc. ("STNY"). (ECF 1 at ¶¶ 7-8.) Pursuant to the SRPA, Constrafor agreed to purchase the receivables owed to STNY by third-parties in respect of invoices that STNY had issued to these third parties. (*Id.* at ¶ 8.) In 2022, STNY maintained a bank account at Signature Bank ("Signature"). (*See id.* at ¶ 17.)

    In its Complaint against FDIC-R, Constrafor claims that it is owed two different categories of damages. First, it claims that STNY was holding in its Signature bank account $523,012.71 that STNY had received from a third party in respect of an invoice that Constrafor had purchased from STNY, and that Signature stopped STNY from sending Constrafor these funds. (*Id.* at ¶¶ 9-15.) Second, Constrafor claims that it wired to STNY's Signature bank account an additional $1,761,321.44 that should have been returned to

Hon. Jessica G. L. Clarke	- 2 -	October 28, 2024

Constrafor, but which Signature again stopped.[1]  (*Id.* at ¶¶ 16-23.)  Now that Signature has failed and has been placed into receivership with FDIC-R,[2] Constrafor seeks to collect from FDIC-R over $2 million that STNY has not paid in respect of these amounts, asserting claims of money had and received, and conversion.

As set forth in FDIC-R's motion to dismiss, the Complaint fails to state a claim for either money had and received, or for conversion.  Both claims are based on the allegation that the funds in STNY's deposit accounts belonged to Constrafor.  But it is black letter law that anyone who deposits funds into a bank deposit account loses a possessory right into those funds.  Accordingly, both claims fail to state a claim.  (*See* ECF 12 at 8-11.)  Moreover, Signature had contractual setoff rights against STNY's deposit accounts, and had a first priority, perfected lien.  (*See id.* at 5.)  Both Signature's setoff right and its lien on STNY's deposit account foreclose any claim Constrafor could have to funds in that account.  (*See id.* at 11-14.)

**DEFENDANTS' POSITION**

A district court "has considerable discretion to stay discovery" upon a showing of good cause.  *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020).  In determining whether to grant a stay of discovery pending a motion to dismiss, courts "must look to the particular circumstances and posture of each case," and consider factors including the breadth of discovery, prejudice to the parties, and the strength of a dispositive motion.  *Id.*  Courts also "take into account the nature and complexity of the action, whether some or all defendants have joined in the request for a stay, and the posture or stage of the litigation."  *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (citation omitted).

Here, multiple factors weigh heavily in favor of granting a stay.  *First*, FDIC-R will be prejudiced by having to incur substantial costs associated with discovery at this time.  In July 2024, FDIC published a Receivership Balance Sheet Summary for FDIC-R, showing a net deficit of $555,076,000.[3]  While financial circumstances may change, it is uncertain whether there will ever be sufficient funds to make a distribution to general unsecured creditors.  Engaging in costly and time-consuming discovery while FDIC-R's motion to dismiss is pending will force FDIC-R to expend receivership funds, and thereby

---

[1] The $1,761,321.44 is comprised of two separate wires, each in the amount of $880,660.72.  The first was sent to purchase a new invoice from STNY, but Constrafor later cancelled that purchase and requested the return of these funds.  Constrafor alleges that it inadvertently requested the return of another $880,660.72, and so it wired that amount a second time to cover the mistaken second return request.  Both of Contrafor's wires are alleged to have gone through to STNY, but neither return wire to Constrafor was received.

[2] Signature was closed by the New York Department of Financial Services and placed into receivership with FDIC on March 12, 2023.  (*See* ECF 13-6.)

[3] *Signature Bank-Receivership Balance Sheet Summary (Unaudited) For Period Ending June 30, 2024*, https://receivership.fdic.gov/drripbal/bank/10540.

Hon. Jessica G. L. Clarke	- 3 -	October 28, 2024

further diminish the assets potentially available to distribute to creditors according to the statutory distribution scheme set forth under 12 U.S.C. § 1821(d)(11)(A).

*Second*, FDIC-R has set forth strong arguments in its motion to dismiss that Constrafor's claims are meritless, and a "stay of discovery should be granted where [a] motion to dismiss is potentially dispositive, and appears to be not unfounded in the law." *Shulman,* 2018 WL 4938808, at *2 (citation omitted). FDIC-R's motion seeks dismissal of all of Constrafor's claims, on multiple grounds, as summarized above. (*See* ECF 12 at 7-14.) Each of FDIC-R's arguments for dismissal is "substantial," and taken together they amount to "substantial arguments for dismissal." *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 6135113, at *2 (S.D.N.Y. Oct. 18, 2020) (citation omitted). Succeeding on certain of the independently dispositive arguments "may warrant dismissal of Plaintiff['s] entire complaint." *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where dispositive motion put forth "multiple, independent arguments for dismissal").

*Third*, there is little risk of undue delay or prejudice to Constrafor if the stay is granted at this early juncture in the case. Constrafor served the Complaint in July 2024 and FDIC-R has already filed a dispositive motion three months later. Deferring discovery until the Motion is resolved will not cause significant delay. *See New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (granting stay where "only four months [had] passed" since complaint's filing); *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (concluding prejudice from stay would be "minimal" where "hearing date for the [dismissal] motion is less than two months away"); *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (stay imposed where motion-to-dismiss briefing would be completed in six weeks and stay would thus "delay the commencement of discovery for only a few months"). In any event, were the Court to dismiss the complaint even in part, discovery will be narrower than if it proceeds while the Motion is pending. An interim discovery stay may help to streamline discovery, resulting in a more efficient resolution of the action.

Indeed, this Court recently granted a nearly identical request by FDIC-R in another case, over the objection of plaintiffs in that case. (*See* Order, April 24, 2024 (ECF 25), in *Seibert, et al. v. Federal Deposit Insurance Corporation, as Receiver for Signature Bank, et al.*, No. 24-cv-00427-JGLC (S.D.N.Y.), attached hereto as Exhibit A.)[4] The exact same considerations that led the Court in the *Seibert* case to enter the discovery stay there also apply here.

---

[4] *See also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery pending resolution of a motion to dismiss because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

Hon. Jessica G. L. Clarke - 4 - October 28, 2024

      Accordingly, FDIC-R respectfully requests that the Court stay discovery in this action until such time as the Court resolves FDIC-R's motion to dismiss.

      Respectfully submitted,

      */s/ John N. Orsini*

      John N. Orsini

cc: All counsel of record (*via ECF*)

Plaintiff is directed to respond to Defendant's letter, and to state its position regarding a stay of discovery in this action by no later than October 31, 2024.

SO ORDERED.

*[signature: Jessica Clarke]*

Jessica G. L. Clarke
United States District Judge

Dated: October 29, 2024
      New York, New York