

**FRIEDMAN KAPLAN**

**DANIA BARDAVID**
dbardavid@fklaw.com
212.833.1161

The Court directs Plaintiff to file its response to Defendant's letter by **April 6, 2026**.

**VIA ECF**     April 3, 2026

Honorable Jessica G. L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE, United States District Judge
Dated: April 3, 2026
White Plains, New York

Re:     *Constrafor, Inc. v. Federal Deposit Insurance Corporation, as Receiver for Signature Bank,* No. 24-cv-4402

Dear Judge Clarke:

We represent defendant the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Signature Bank ("FDIC-R") in the above-captioned matter. We write pursuant to Rule 4(k) of the Court's Individual Rules and Practices in Civil Cases, to seek the Court's assistance in pushing discovery forward. Per Rule 4(k) of Your Honor's Individual Rules and Practices in Civil Cases, we reached out to Plaintiff's counsel, Matthew Blum, to obtain his position for a joint letter. It has been over 72 hours and he has not responded. A copy of our outreach is attached hereto as **Exhibit A**.

Mr. Blum is not meaningfully participating in the discovery process, is ignoring correspondence, and is causing undue delay. On February 11, 2026, we sent a letter to Mr. Blum, attached hereto as **Exhibit B**, detailing his history of ignoring e-mails and phone calls aimed at moving discovery along. In the letter, we noted that we intended to fulfill our obligations to our client and to the Court by moving forward with discovery. We stated our intention to raise Mr. Blum's non-responsiveness to the Court and requested a meet and confer call. Upon receipt of the letter, Mr. Blum promised to be more responsive going forward. That has not happened.

The parties conferred via phone on February 27 for approximately one hour. I attended the call for FDIC-R, while Mr. Blum and an associate at his firm, Sarah Silbowitz, attended for Plaintiff. On that call, we discussed the proposed search terms that each party had drafted for the purpose of conducting document discovery. We agreed on next steps, which included that Mr. Blum would send us hit reports for the search terms he objected to on the basis that they were overbroad and would yield too many results, and that he would provide a list of proposed custodians whose documents and e-mails FDIC-R would search. On March 4, I sent Mr. Blum an e-mail memorializing where things stood after the meet and confer, and asking him to let me know when we could expect his hit reports. Mr. Blum did

Hon. Jessica G. L. Clarke                    - 2 -                    April 3, 2026

not respond.  On March 9, I sent another e-mail following up.  On March 11, Mr. Blum said that he would try to circulate revisions (presumably to our proposed search terms) "tomorrow and hit reports shooting for end of week."  He also stated that "the unknown with the hit reports is whether my office will be handling or if the Plaintiff's internal team will be handling."  Mr. Blum did not send revisions to our search terms or hit reports.  On March 17, I e-mailed Mr. Blum again, stating that I had not heard from him, and that accordingly we were having our client run hit reports on the search terms Mr. Blum had proposed, with a few revisions, which I laid out in the e-mail (and which I had raised on our meet and confer).  Mr. Blum did not respond.  FDIC-R has now collected documents, and counsel is in the process of reviewing them.

As laid out more fully in Exhibit B, we also sent Mr. Blum a proposed protective order over two months ago, on January 26, which incorporated comments from Plaintiff's previous counsel, Rosenberg & Estis, P.C.  Despite several follow-ups, we have yet to receive his sign off on the protective order.

Accordingly, FDIC-R respectfully requests that the Court order Mr. Blum to provide hit reports on FDIC-R's proposed search terms by April 8, to confirm that he is personally overseeing the document collection process and ensuring that documents are being searched and collected in an appropriate and defensible way,[1] to agree that document production will be substantially completed by April 28, to sign off on, or provide proposed revisions to, FDIC-R's protective order by April 8, and to respond to future outreach by counsel for FDIC-R within three business days, barring extenuating circumstances.  FDIC-R also respectfully requests that the Court order that Mr. Blum has waived any and all objections to the searches that FDIC-R has run to collect potentially responsive documents, including any objections to the date range, specific search terms, or custodians.

Counsel for FDIC-R is available for a case management conference on Wednesday, April 8, Friday, April 10, or Monday, April 13.

Respectfully submitted,

*/s/ Dania Bardavid*

Dania Bardavid

*cc:    All counsel of record (via ECF)*

---

[1] *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 435 (S.D.N.Y. 2004) (counsel must coordinate and oversee his client's discovery efforts, both in terms of the client's duty to locate relevant information and its duty to preserve and timely produce that information); *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 228 (S.D.N.Y. 2003), *adhered to on reconsideration*, No. 00 CIV. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004) (counsel must "establish a coherent and effective system to faithfully and effectively respond to discovery requests").

# Exhibit A

## Bardavid, Dania

| | |
|---|---|
| **From:** | Bardavid, Dania |
| **Sent:** | Tuesday, March 31, 2026 10:17 AM |
| **To:** | Matthew Blum; Sarah Silbowitz |
| **Cc:** | Orsini, John N. |
| **Subject:** | Constrafor v. FDIC-R - letter motion to Judge Clarke |
| **Attachments:** | Constrafor - Ltr to J. Clarke re Plaintiff's conduct - 4913-5349-4171 - 1.docx; 2026.02.11 Constrafor v. FDIC-R - Letter to M. Blum.pdf |

Matt,

Please see attached a letter motion to Judge Clarke detailing your failure to respond to my e-mails or otherwise meaningfully participate in discovery.  Per Rule 4(k) of Judge Clarke's individual rules, if you do not provide your portion of the letter by 11 am on Friday, we will file it without your contribution.

Thanks,
Dania

**Dania Bardavid**



**Friedman Kaplan Seiler Adelman & Robbins LLP**
7 Times Square
New York, NY 10036-6516
dbardavid@fklaw.com
212.833.1161
**fklaw.com**

This transmission may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy, or re-transmit this communication. If you have received this communication in error, please notify us by replying to the sender of this message, and delete this message (and your reply) and any attachments.

# Exhibit B


**FRIEDMAN
KAPLAN**

**DANIA BARDAVID**
dbardavid@fklaw.com
212.833.1161

February 11, 2026

**VIA E-MAIL**

Matthew Blum, Esq.
Ervin Cohen & Jessup LLP
1185 Avenue of the Americas
3rd Floor
New York, NY 10036
mblum@ecjlaw.com

> Re:   *Constrafor, Inc. v. Federal Deposit Insurance Corporation, as
> Receiver for Signature Bank,* No. 24-cv-4402

Dear Matt:

As you know, this firm represents defendant the Federal Deposit Insurance
Corporation ("FDIC") as Receiver for Signature Bank ("FDIC-R") in the above-captioned
matter.  We write regarding your unresponsiveness to our attempts to move discovery
forward and to request a meet and confer call, pursuant to Rule 4(k) of Judge Clarke's
individual rules.

On Thursday, January 15, 2026, we were informed by Rosenberg & Estis,
P.C. that this case was going to be handled by you at your new firm, Ervin, Cohen & Jessup
LLP, moving forward.  You and I had a productive conversation on Friday, January 16 about
the status of discovery and about jointly requesting an extension of the discovery schedule.
We worked together to get a joint letter on file, and on Friday, January 23, I e-mailed you
asking if we could exchange search term proposals the following week.  You responded that
day saying, "I'd be happy to exchange search terms on Monday if that works for you."  I
responded on Saturday, January 24, saying, "[y]es, let's do that."

I then e-mailed you on Monday, January 26 with a draft protective order
asking you to confirm that the revisions made by Plaintiff's previous counsel were still
acceptable to you.  You did not respond.  I e-mailed you again on Tuesday, January 27,
asking, "can we exchange proposed search terms today?  We are ready to go whenever you
are."  You responded on Wednesday morning, January 28, and said, "[w]e can send those
over today."  I responded a few hours later that morning asking you to "please send them to
us when you're ready!"  You did not respond.  I followed up with a phone call that afternoon.
You did not answer, and I left you a voicemail.  You did not respond.  I called you again on
Friday, January 30 at 1:45 PM.  You did not answer, and I left you a voicemail.  You did not
respond.  I also sent you an e-mail that afternoon, at 2:02 pm, asking you to please get back

Matthew Blum, Esq.                  - 2 -                    February 11, 2026

to me by close of business that day with a confirmation of what time, either that day or on Monday, February 2, you would send us your search term proposal as well as any comments on the draft protective order.  You did not respond.

On Monday, February 2, you e-mailed me your proposed search terms and said you would "circle back on the [protective order] later today."  I responded later that day, sending you our proposed search terms, and asking that you please revert with any proposed modifications by the end of the week.  You did not do so.  I also asked you to "please respond to my e-mails on a more timely basis" going forward barring extenuating circumstances, and noted that if we continued to need to chase you down to push discovery along, we would "conduct discovery on our own terms and seek attorneys' fees for motion practice before Judge Clarke, as well as any duplicative efforts caused by your unresponsiveness."  You did not respond, nor did you ever send the revisions to the draft protective order as you had promised.  I e-mailed you again on Tuesday, February 3, asking to find a time to "connect to discuss search terms," and providing my availability for the subsequent two days.  You did not respond.

It has been almost a month since we were informed that you were taking over the case, and all we have been able to do is secure an extension of the discovery schedule and exchange preliminary drafts of search term proposals.

We intend to fulfill our obligations to our client and to the Court by moving forward with discovery.  Accordingly, because you have been unresponsive, we intend to 1) run a modified version of your proposed search terms, as we deem appropriate, 2) move the Court to compel you to run our search terms as we have presented them to you and seek our fees in having to make that motion, and 3) submit the proposed protective order as we originally drafted it and explain to the Court that, since you have substituted in as Plaintiff's counsel, you have refused to give feedback or respond to e-mails.  **To that end, please advise by 5 p.m. EST on Friday, February 13 what your availability is for a meet and confer call on Tuesday, February 17, Wednesday, February 18, or Thursday, February 19.  If we do not hear from you, we will proceed to draft a letter motion to the Court and note therein that you did not respond to our request to meet and confer.**

Respectfully submitted,

*/s/ Dania Bardavid*

Dania Bardavid