

**DANIA BARDAVID**
dbardavid@fklaw.com
212.833.1161

Application DENIED. Defendant's request to compel discovery or for a conference is denied. It appears from the parties' letters that there is no dispute that is ripe for adjudication. *See* ECF Nos. 56, 58. The parties must continue to meet and confer, and all counsel must comply with the Court's rules on submitting discovery disputes in a joint letter.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE, United States District Judge
Dated: April 7, 2026
White Plains, New York

April 3, 2026

**VIA ECF**

Honorable Jessica G. L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Constrafor, Inc. v. Federal Deposit Insurance Corporation, as Receiver for Signature Bank,* No. 24-cv-4402

Dear Judge Clarke:

We represent defendant the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Signature Bank ("FDIC-R") in the above-captioned matter. We write pursuant to Rule 4(k) of the Court's Individual Rules and Practices in Civil Cases, to seek the Court's assistance in pushing discovery forward. Per Rule 4(k) of Your Honor's Individual Rules and Practices in Civil Cases, we reached out to Plaintiff's counsel, Matthew Blum, to obtain his position for a joint letter. It has been over 72 hours and he has not responded. A copy of our outreach is attached hereto as **Exhibit A**.

Mr. Blum is not meaningfully participating in the discovery process, is ignoring correspondence, and is causing undue delay. On February 11, 2026, we sent a letter to Mr. Blum, attached hereto as **Exhibit B**, detailing his history of ignoring e-mails and phone calls aimed at moving discovery along. In the letter, we noted that we intended to fulfill our obligations to our client and to the Court by moving forward with discovery. We stated our intention to raise Mr. Blum's non-responsiveness to the Court and requested a meet and confer call. Upon receipt of the letter, Mr. Blum promised to be more responsive going forward. That has not happened.

The parties conferred via phone on February 27 for approximately one hour. I attended the call for FDIC-R, while Mr. Blum and an associate at his firm, Sarah Silbowitz, attended for Plaintiff. On that call, we discussed the proposed search terms that each party had drafted for the purpose of conducting document discovery. We agreed on next steps, which included that Mr. Blum would send us hit reports for the search terms he objected to on the basis that they were overbroad and would yield too many results, and that he would provide a list of proposed custodians whose documents and e-mails FDIC-R would search. On March 4, I sent Mr. Blum an e-mail memorializing where things stood after the meet and confer, and asking him to let me know when we could expect his hit reports. Mr. Blum did

Hon. Jessica G. L. Clarke                - 2 -                            April 3, 2026

not respond.  On March 9, I sent another e-mail following up.  On March 11, Mr. Blum said that he would try to circulate revisions (presumably to our proposed search terms) "tomorrow and hit reports shooting for end of week."  He also stated that "the unknown with the hit reports is whether my office will be handling or if the Plaintiff's internal team will be handling."  Mr. Blum did not send revisions to our search terms or hit reports.  On March 17, I e-mailed Mr. Blum again, stating that I had not heard from him, and that accordingly we were having our client run hit reports on the search terms Mr. Blum had proposed, with a few revisions, which I laid out in the e-mail (and which I had raised on our meet and confer).  Mr. Blum did not respond.  FDIC-R has now collected documents, and counsel is in the process of reviewing them.

As laid out more fully in Exhibit B, we also sent Mr. Blum a proposed protective order over two months ago, on January 26, which incorporated comments from Plaintiff's previous counsel, Rosenberg & Estis, P.C.  Despite several follow-ups, we have yet to receive his sign off on the protective order.

Accordingly, FDIC-R respectfully requests that the Court order Mr. Blum to provide hit reports on FDIC-R's proposed search terms by April 8, to confirm that he is personally overseeing the document collection process and ensuring that documents are being searched and collected in an appropriate and defensible way,[1] to agree that document production will be substantially completed by April 28, to sign off on, or provide proposed revisions to, FDIC-R's protective order by April 8, and to respond to future outreach by counsel for FDIC-R within three business days, barring extenuating circumstances.  FDIC-R also respectfully requests that the Court order that Mr. Blum has waived any and all objections to the searches that FDIC-R has run to collect potentially responsive documents, including any objections to the date range, specific search terms, or custodians.

Counsel for FDIC-R is available for a case management conference on Wednesday, April 8, Friday, April 10, or Monday, April 13.

Respectfully submitted,

*/s/ Dania Bardavid*

Dania Bardavid

cc:    *All counsel of record (via ECF)*

---

[1] *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 435 (S.D.N.Y. 2004) (counsel must coordinate and oversee his client's discovery efforts, both in terms of the client's duty to locate relevant information and its duty to preserve and timely produce that information); *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 228 (S.D.N.Y. 2003), *adhered to on reconsideration*, No. 00 CIV. 3613 (LAP), 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004) (counsel must "establish a coherent and effective system to faithfully and effectively respond to discovery requests").