UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CONSTRAFOR, INC.,                                    :
                                                     :
                        Plaintiff,                   :          Case No. 24-cv-4402 (JGLC)
                                                     :
        - against -                                  :
                                                     :
FEDERAL DEPOSIT INSURANCE                            :
CORPORATION, AS RECEIVER FOR                         :
SIGNATURE BANK,                                      :
                                                     :
                        Defendant.                   :
-------------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order (the "Protective Order") is entered into by and among

(a) the Federal Deposit Insurance Corporation as Receiver for Signature Bank ("FDIC-R" or

"Defendant"); (b) Constrafor, Inc. ("Constrafor" or "Plaintiff"), herein referred to as the

"Parties," and each individually as a "Party"; and (c) any other persons or entities who

become bound by the Protective Order through the execution of the form attached hereto as

Attachment A, subject to the terms set forth herein. Accordingly, it is ORDERED:

1.      Scope.  All materials produced in the course of discovery, including responses

to discovery requests, deposition testimony and exhibits, shall be governed by this Protective

Order concerning Confidential Material as defined below. The protections conferred by this

Protective Order cover not only Confidential Material (as defined below) but also (1) any

information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries,

or compilations of Confidential Material; and (3) any testimony, conversations, or presentations

by Parties, third parties or their respective counsel that might reveal Confidential Material.  This

Protective Order is subject, as applicable, to the Local Rules of this District, and the Federal

Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    <u>Definition of Confidential Material</u>.  For purposes of this Protective Order, "Confidential Material" shall mean certain documents, records, and information, including electronically composed or stored information ("ESI") in written, electronic, digital, or any other medium (hereinafter "information"), provided by any Party or non-party pursuant to this Protective Order.  Confidential Material includes, but is not limited to, the following:

(a) **Regulatory**:  Confidential Material related in any way to the regulation or supervision of Signature Bank (the "Bank"), in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, the Comptroller, or any other federal or state regulatory authority, and any information containing confidential material obtained from any documents and records related to the supervision or regulation of the Bank.  The Parties understand and agree that the release of such regulatory information may require approval from independent government agencies, and that no regulatory information, however obtained, will be disclosed to non-parties not covered by this Protective Order.

(b) **Statutory**:  Confidential Material includes information that is confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552, 12 C.F.R. Part 309, 12 C.F.R. § 21.11, the laws of the state of New York, or any other applicable federal or state laws, including consumer nonpublic personal information ("Non-Party Borrower Information") as defined by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations.

(c) **Bank and Bank Customers**.  Confidential Material related to the Bank, its employees (*i.e.*, personnel or employment records), its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower.  Examples of such materials include, without limitation, documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying information.

(d) **Receivership**.  Confidential Material related to the receivership of the Bank, including any public information on loss or estimates of such loss or the Bank's assets.  Notwithstanding the provisions of paragraph 6(b) below, no such Confidential Material shall be disclosed to any person or entity, including Plaintiff, or any non-party known to have any current or prospective interest in such assets, regardless of whether that person or entity would otherwise be allowed access to information under the terms of this Protective Order.  This subparagraph (d), however, does not prevent such Confidential Material from being shared with Party experts or others listed in paragraph 6(b).

(e) **Trade Secrets and Other Confidential Business Information**.  Confidential Material that reveals trade secrets or research, technical, commercial, or financial information that the Party or non-party has maintained as confidential.

(f) **Personally Identifiable Information (PII)**.  Confidential Material that contains PII as defined in the Freedom of Information Act, the Privacy Act, the Bank Secrecy Act, and Gramm-Leach-Bliley Act.

Notwithstanding the foregoing paragraph, no Party is estopped or in any way prevented from later challenging the confidentiality designation of any Confidential Material as provided for in Paragraph 10 below.

3.    Additional Designations.

Any Party who wishes to request additional limits on disclosure (such as an "Attorneys' Eyes Only" designation), may at any time before the trial of this action serve upon counsel for the party to whom Confidential Material is produced (the "Receiving Party") a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement within five business days, counsel for all affected Parties will address their dispute to the Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

4.    Designation and Treatment of Confidential Material.  Where reasonably practicable, any information other than oral deposition testimony shall be designated by the producing Party as "Confidential" Material, as applicable.  Confidential Material provided by any Party or non-party pursuant to this Protective Order that is deemed and denominated by any Party or producing non-party as "Confidential" pursuant to this Protective Order shall be deemed

to be Confidential Material, unless and until that designation is challenged pursuant to paragraph 10 below.  Confidential Material may be designated as such by affixing to the material the legend "Confidential."  For example, the production media/container for native files or productions may be designated as "Confidential."  Additionally, documents may be stamped with a "Confidential" endorsement on each page, as applicable, and native file documents may be designated Confidential Material by including the "Confidential" designation in the filename thereof or on a slip sheet attached thereto.  If Confidential Material produced in another proceeding, litigation, or investigation bears the designation "Confidential," "Highly Confidential," or any other similar confidentiality designation and is produced or used in this action, the Parties shall treat it as Confidential Material, as applicable.  The failure to designate any Confidential Material with such legend shall not constitute a waiver by any Party or producing non-party of the right to assert that such information contains or includes protected Confidential Material.  If any Party or non-party produces Confidential Material without designating it as such, any Party or non-party may notify the Receiving Parties that the information should have been designated Confidential Material, and the Parties will treat the information as Confidential Material under this Protective Order.  Confidential Material shall only mean and shall be limited to the information produced in the course of discovery in this action marked with a Bates Stamp number or otherwise designated as "Confidential."  In the event a Party obtains an exact duplicate copy of Confidential Material produced in discovery in this action from a publicly available source, the Party acquiring the Confidential Material shall not be required to comply with the terms of this Order regarding the use of the duplicate public material, and the use of such duplicate public material shall not be subject to the provisions of this Order.

      5.     <u>Depositions</u>.  Unless all Parties agree on the record at the time the deposition

testimony is taken that it does not constitute Confidential Material, all deposition testimony taken in this case shall be treated as Confidential Material only until the deponent and Parties have the opportunity to designate specific portions of the testimony as Confidential Material, under the procedures set forth below.  Within twenty-one (21) days after the transcript is delivered to the witness and in no event later than 60 days after the testimony was given, any Party may serve written notice to all Parties designating specific portions of the testimony as Confidential Material, and thereafter only those portions identified in the written notice(s) shall be considered Confidential Material under the terms of this Order.  A party serving such written notice will do so only if it has a good faith belief that such testimony is confidential.  The failure to serve a timely written notice within such twenty-one (21) to sixty (60) day period, absent an extension agreed to by the Parties, shall waive any right to designate testimony in that deposition as Confidential Material, unless otherwise ordered by the Court.

6.      Protection of Confidential Material.

(a)      **General Protections for Confidential Material**.  Confidential Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.  The transmission of Confidential Material between the FDIC-R and other government agencies, including, but not limited to, the FDIC acting in its various other capacities, shall not constitute disclosure for purposes of this Protective Order.

(b)      **Third-Party Disclosures**.  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Material to any third-party or entity except as set forth in subparagraphs (1)-(13) of this paragraph. Subject to these requirements, the following categories of persons are allowed to review Confidential Material:

(1)      **Counsel**.  Counsel for the Parties, including counsel for Parties'

parents, subsidiaries, and subsidiaries of parents, and employees of counsel who have responsibility for the action;

(2) **Parties**. Employees or former employees of a Party, including Parties' parents, subsidiaries, and subsidiaries of parents, or employees or former employees of the Bank, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel and the jury at trial**;

(4) **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions and/or non-public hearings;

(5) **eDiscovery Vendors and Litigation Support**. Those persons specifically engaged for graphic production and reproduction services, and/or litigation support services, including outside vendors hired to process electronically stored documents;

(6) **Consultants, Investigators, Experts, and Mock Jurors**. Consultants (including industry, financial, and accounting advisors), investigators, experts (and their respective staff), and mock jurors employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Stipulated Protective Order;

(7) **Witnesses at depositions or trial**. During their depositions or at trial, or in preparation therefor, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of this litigation);

(9) **Regulators**. Regulators to which FDIC-R may be required to respond or report in the ordinary course of business regarding the subject matter of the litigation;

(10) **Auditors**. Auditors to which FDIC-R may be required to respond or report in the ordinary course of business regarding the subject matter of the litigation, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

(11)    **Mediators**. Any mediator that the Parties engage in this matter or that this Court appoints, provided such person has completed the certification contained in Attachment A, Acknowledgment and Agreement to Stipulated Protective Order;

(12)    **Others by Consent or Court Order**. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered;

(13)    **Others as contemplated by other provisions of this Protective Order**.

(c)    **Security Precautions.**  Materials produced subject to this Protective Order, as defined in Paragraph 1, *supra*, shall not be loaded or inputted into any public, non-compartmentalized, or open generative artificial intelligence (GenAI) algorithm or system (*e.g.*, ChatGPT, Google Gemini, Claude, etc.), where rights to the data are retained by any third-party or entity that has not explicitly agreed to be covered by the Protective Order.  A Party may load such materials in a compartmentalized, closed legal review platform (*e.g.*, Relativity, Everlaw, etc.) for the purpose of document review.

7.    <u>Failure to Designate</u>.  If a Party designates a document as Confidential Material after it was initially produced, but before trial, the Receiving Party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Protective Order.  No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material was not designated Confidential Material, even where the material is subsequently designated Confidential Material.

8.    <u>Filing of Confidential Material</u>.  Any Party wishing to file Confidential Material in connection with a motion, brief or other submission to the Court must request to file the material under seal in compliance with the Local Rules and the Court's Individual Rules regarding sealing.

9.      No Greater Protection of Specific Documents.  With the exception of withheld information protected by any privilege or work-product doctrine or the Bank Secrecy Act, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order unless the Party moves for an order providing such special protection, or the Party discloses its intention to withhold to all Parties and receives their written consent.

10.      Challenges by a Party to Designation as Confidential Material.  The designation of any Confidential Material is subject to challenge by any Party.  The following procedure shall apply to any such challenge.

(a)      **Meet and Confer**.  A Party challenging the designation of Confidential Material (the "Challenging Party") must do so in good faith and must begin the process by conferring directly with counsel for the party that designated the Confidential Material as such (the "Designating Party").  A Designating Party will participate in a meet and confer within five (5) business days of such request.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge within five (5) business days after the Parties' meet and confer.  If a Designating Party believes more time is needed to review the designated material or another meet and confer is needed, it shall advise the other Party of such need.  The Party challenging the designation may declare an impasse and proceed with "Judicial Intervention" as provided for in Paragraph 10(b) below once 20 business days have passed since notice if it has a good faith belief that the Parties will not be able to resolve the dispute.

(b)      **Judicial Intervention**.  In the event that the meet and confer procedure

set forth in paragraph 10(a) does not resolve the dispute, the Challenging Party may file a motion challenging the designation. Each such motion must include a competent declaration that affirms compliance with the meet and confer requirements of paragraph 10(a). The burden of proof in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all the materials shall continue to be considered Confidential Material, as applicable, under the terms of this Protective Order.

11.    Use of Confidential Material at Trial. Nothing in this Protective Order shall be construed to prohibit the use of any Confidential Material at any trial or hearing.

12.    Confidential Material Subpoenaed or Ordered Produced in Other Civil Litigation.

(a)    If a Receiving Party is served with a subpoena or an order issued in other civil litigation or by a governing tribunal or government agency that would compel disclosure of any Confidential Material, the Receiving Party, to the extent permitted by law and the governing tribunal or agency, must so notify the Designating Party, in writing, as soon as reasonably possible after becoming aware of such service, and in no event more than five (5) court days after its counsel receives the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)    The Receiving Party also must, as soon as reasonably possible, deliver a copy of this Protective Order, and inform in writing the party in the other civil litigation, governing tribunal, or government agency who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Protective Order.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Material. The Designating Party shall bear the

burden and the expense of seeking protection of its Confidential Material.  If the Designating Party does not file a motion for protective order or a similar filing by the due date of the subpoena or order, the Party receiving the subpoena or order may produce the documents responsive to such subpoena or order.  Nothing in these provisions should be construed as requiring, authorizing, or encouraging a Receiving Party in this action to disobey a lawful directive.  The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody or control Confidential Material.

13.    Confidential Material Subpoenaed or Ordered Produced Pursuant to Criminal Investigation and/or Prosecution.  Notwithstanding any other provision of this Protective Order, if a Receiving Party is served with a grand jury subpoena or criminal subpoena, or other form of production order issued in connection with a criminal proceeding, the Receiving Party may comply with that those.

14.    Disclosure of Non-Party Borrower Information.  To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information ("Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement.  To the extent any Non-Party Borrower Information Law requires a Producing Party or non-party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Protective Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement.  This Order shall constitute an express direction that the Producing Party or non-party is exempt from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party

Borrower Information in the Action. To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Protective Order, the volume of documents to be produced and the ongoing oversight of the Court, Producing Parties or non-parties are explicitly prohibited from providing such notice in the Action; provided, however, that this Order shall not prohibit any Producing Party or non-party from contacting any person or entity for any other purpose. Any Producing Party or non-party may seek additional orders from this Court that such Party or non-party believes may be necessary to comply with any Non-Party Borrower Information Law.

15.     No Waiver of Privileges. Pursuant to Fed. R. Evid. 502(d) and this Protective Order, the production of material that is subject to the attorney-client privilege or the work product doctrine shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of the applicable privilege or protection for that particular document or more broadly.

The Parties acknowledge that Fed. R. Evid. 502 pertains only to the attorney-client privilege or the work product doctrine. Accordingly, the Parties agree that the production of material that is subject to other claimed privileges, doctrines, exemptions, or restrictions that the Producing Party or nonparty might cite in good faith as a basis for withholding such material from production to any other party shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of the applicable privilege or protection for that particular document, or more broadly. With respect to the FDIC-R, these privileges may include, but are not limited to, any privilege that the Bank may have had, or any federal or state regulatory agency may hold, to the extent such privilege applies under applicable law.

Furthermore, in the event that a Party or non-party produces attorney-client privileged or work product privileged material, or other material protected by law from disclosure (even under a protective order), and if the Party or non-party subsequently notifies the Receiving Party or non-party that the privileged material should not have been produced, the Receiving Party or non-party shall immediately return the material to the Producing Party, destroy any material not returned, and delete or render inoperable all electronic copies of the material that the Producing Party believes to be privileged or otherwise protected from disclosure. The return or destruction of material over which the Producing Party has asserted a claim of privilege shall be without prejudice to the Receiving Party's right to contest the claim of Privilege, including seeking an order from the Court directing the production of the document on the ground that the claimed privilege is invalid or inapplicable with respect to the particular document.

In the event of a dispute regarding the claim of privilege, the Receiving Party may retain a copy of the material for *in camera* review in support of the appropriate discovery motion and shall not make use of the material in question until the matter is resolved.

Similarly, each Party has a duty to notify a Producing Party if they reasonably believe that the material such Party produced contains information that may be protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or ground for withholding production. To the extent that the Parties disagree over the application of these principles to any such material, the Receiving Party shall not make use of the material in question until the matter is resolved by the Court.

17.    Obligations on Conclusion of Litigation.

(a)    **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)   **Obligations at Conclusion of Litigation**.  Within ninety (90) days of the conclusion of this action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all Parties in receipt of protected materials shall use commercially reasonable efforts to destroy such materials and certify that fact unless: (i) the material has been offered into evidence or filed without restriction as to disclosure; (ii) the parties agree to the return of the documents to the extent practicable in lieu of destruction. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of material that: (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, or (ii) is located in the email archive system or archived electronic files of departed employees.  Backup storage media will not be restored for purposes of returning or certifying destruction of material, but such retained information shall continue to be treated in accordance with this Protective Order.  Material that is subject to legal hold obligations may be maintained until cessation of the obligation.

(c)   **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy material, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Material so long as that work product does not duplicate verbatim substantial portions of Confidential Material, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Material shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Material.

18.    Disclosing Party's Own Confidential Materials.  Nothing in this Protective Order shall be construed to limit the disclosing Party's use or disclosure of its own materials, or information that have been designated as Confidential Material pursuant to this Protective Order.

Additionally, any disclosing Party may, at any time, amend the confidentiality designation of the Confidential Materials it has produced.

19.      Order Subject to Modification.  This Order shall be subject to modification by the Court or on motion of a party or any other person with standing concerning the subject matter.

20.      No Prior Judicial Determination.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any material designated Confidential Material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21.      Binding Effect; Assignment.  This Protective Order shall be binding upon the Parties and non-parties hereto, their affiliates, their representatives, and their respective successors or assigns.  No Party may assign any right or delegate any duty under this Protective Order other than to an affiliate without the other Party's prior written consent.

22.      Remedies.  To enforce rights under this Protective Order or in the event of an alleged violation of this Protective Order, the Parties and/or any producing non-party shall first seek to resolve the alleged violation through prompt and reasonable discussion.  In the event such efforts fail to promptly resolve the alleged violation, the Parties and/or any producing non-party reserve the right to seek relief from the Court for money damages, injunctive relief, or any other relief as appropriate.

23.      Notice.  All notices required to be given under the Protective Order shall be in writing and delivered to the addressees set forth below or their designated successor counsel of record, if any.  Notice shall be sent by e-mail, unless agreed to otherwise, and shall be considered

delivered and effective as of the date of the email transmission.

**SO STIPULATED.**


_/s/ Matthew Blum_                                          _/s/ John N. Orsini_

Matthew S Blum                                      John N. Orsini
ERVIN COHEN & JESSUP, LLP            Dania Bardavid
1185 Avenue of the Americas              FRIEDMAN KAPLAN SEILER
Flr 3                                                         ADELMAN & ROBBINS LLP
New York, New York 10036                 7 Times Square
                                                              New York, NY 10036
                                                              T: (212) 833-1100


_Attorneys for Plaintiff Constrafor, Inc._      _Attorneys for Defendant Federal Deposit Insurance Corporation as Receiver for Signature Bank_


SO ORDERED this    20 day of April, 2026.


_____

JESSICA G. L. CLARKE
United States District Judge

ATTACHMENT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CONSTRAFOR, INC.,                                    :
                                                     :
                          Plaintiff,                 :        Case No. 24-cv-4402 (JGLC)
                                                     :
            - against -                              :
                                                     :
FEDERAL DEPOSIT INSURANCE                            :
CORPORATION, AS RECEIVER FOR                         :
SIGNATURE BANK,                                      :
                                                     :
                          Defendant.                 :
---------------------------------------------------------------x

**ACKNOWLEDGMENT AND AGREEMENT TO STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order

dated _____ in the above-captioned action and attached hereto, understands

the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the

jurisdiction of the United States District Court for the Southern District of New York in matters

relating to the Stipulated Protective Order and understands that the terms of the Stipulated

Protective Order obligate him/her to use materials designated as Confidential Material in

accordance with the Order solely for the purposes of the above-captioned action, and not to

disclose any such Confidential Material to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

_____

_____

**Date:** _____    _____

**Signature**